IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Marcia S. Krieger

Civil Action No. 18-CV-0366-MSK-MEH

CARLOS BRITO,

    Plaintiff,

v.

DUNAHAY PROPERTIES LLLP, and
AMERICAN BLUE RIBBON HOLDINGS LLC,

    Defendants.

## OPINION AND ORDER ON MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** comes before the Court on the Defendants' Motion for Summary Judgment (# **41**), the Plaintiff's Response (# **44**), and the Defendants' Reply (# **45**). For the reasons that follow, the Motion is denied.

### I. JURISDICTION

The Court exercises jurisdiction under 28 U.S.C. § 1331.

### II. BACKGROUND[1]

In this suit, Plaintiff Carlos Brito seeks injunctive relief for the Defendants' failure to comply with the Americans with Disabilities Act (ADA). Dunahay Properties (Dunahay) owns and leases the Village Inn restaurant located at 1403 Harrison Street in Colorado Springs to American Blue Ribbon Holdings (Holdings).

---

[1] The Court recounts the undisputed facts and the disputed facts in the light most favorable to Mr. Brito, the nonmoving party. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

In his Complaint (**# 1**), Mr. Brito brings one claim for discrimination under Title III of the ADA for discrimination in a place of public accommodation against both Defendants. The Complaint identifies a number of accessibility violations. The Defendants move for summary judgment (**# 41**), stating that they have made all but two of the modifications identified in the Complaint. The two remaining disputes concern a walkway from the public sidewalk to the restaurant entrance and the width of restroom stalls.

### III. LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Substantive law governs what facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof, and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producers Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P.

56(c)(1)(A). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus. Inc. v. Arvin Indus. Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is required. The court then applies the law to the undisputed facts and enters judgment.

## IV. DISCUSSION

Title III of the ADA prohibits discrimination against individuals with disabilities "in the full and equal enjoyment of public accommodations". *Spector v. Norwegian Cruise Line Ltd.*, 545 U.S. 119, 128 (2005). Generally, the failure to remove architectural barriers is discrimination under the ADA unless removal is not readily achievable.[2] 42 U.S.C. § 12182(b)(2)(A)(iv)–(v). *Readily achievable* is defined as what is "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9). A plaintiff generally bears the initial burden of production to present evidence that a suggested method of barrier removal is readily achievable. *Colo. Cross Disability Coalition v. Hermanson Family*

---

[2] The parties argue extensively about what legal standard applies to the alleged violations and modifications. It is true that for new construction undertaken after the ADA was passed, alterations made to the premises are held to a higher, more stringent standard — the "maximum extent feasible" — not just what is readily achievable. 42 U.S.C. § 12183(a)(1)–(2); *see Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 376 (2d Cir. 2008). There appears to be no dispute that the building at issue was constructed in 1989 prior to the adoption of the ADA. There is a factual dispute between the parties as whether and what renovations were made to the building after 1992, and whether such renovations would require application of the "maximum extent feasible" standard. Having said that, the bulk of the parties' argument focuses on application of the "readily-achievable" standard. As there are material factual disputes as to whether the "readily-achievable" standard applies, and as to its application, entry of summary judgement is not appropriate.

3

*LP I*, 264 F.3d 999, 1005–06 (10th Cir. 2001). The defense that removal is not "readily achievable" is an affirmative defense, on which a defendant bears the burden of proof. *Id.* at 1006.

Here, the Defendants argue that, because they have addressed all modifications identified in Mr. Brito's expert's report that they can readily achieve, the case is now moot. The Court disagrees.

Clearly, the modifications that the Defendants have addressed are no longer at issue, but two disputes remain. The Defendants contend that two modifications cannot be "readily achieved" – restroom stalls cannot be made wheelchair accessible due to the size of the premises and a walkway from the public sidewalk would require the elimination of four parking spaces. Because these modifications cannot be "readily achieved", the Defendants argue that they are not required to make them.

Mr. Brito has come forward with evidence in the form of his expert's report. (**# 41-2**). As to the restrooms, the report recommends reconfiguring the partitions to enlarge one stall in compliance with the ADA. (**# 41-2 at 14**.) It estimates the cost at $2,800. As to the walkway, the report recommends the installation of "a paved path of travel from the public sidewalk in accordance" with ADA standards. (**# 41-2 at 4**.) It estimates the cost at $25 per square foot.

The Defendants have presented contrary evidence in the form of an opinion by Holdings' office manager, Ms. Nelson. Her affidavit states that the restrooms cannot be reconfigured to include both an ADA compliant stall and the required number of stalls without expansion and wholesale renovation of the restrooms, at a cost greater than $70,000. (**# 41-1 ¶ 6(a)**). As to the walkway, she states that an accessible path of travel would have to pass through the landscaped area on the south end of the parking lot, requiring the removal and replacement of both landscaping and irrigation equipment. Additionally, such path of travel would need to be elevated to provide

accessibility, leading more than one hundred feet across the parking lot, requiring the removal of at least four parking spaces and requiring substantial amounts of concrete work. She states that such modifications would be unusually and prohibitively expensive. (**# 41-1 ¶ 6(b)**).

The evidence submitted by the parties is sufficient to make the prima facie showing required of them. At this juncture, the Court does not consider arguments as to the weight or believability of the evidence. The conflicting evidence demonstrates a genuine dispute as to two types of facts – what type of modifications are required to make the restrooms and path ADA compliant and at what cost. Such factual issues are material because they bear upon whether the removal of the architectural barriers in the restrooms and parking lot are "readily achievable". The existence of a genuine issue of material fact prevents entry of summary judgment. Put simply, resolution of the factual issues requires a trial.[3]

## V. CONCLUSION

For the foregoing reasons, the Defendants' Motion for Summary Judgment (**# 41**) is **DENIED**. The parties shall jointly contact chambers within 14 days to schedule the Final Pretrial Conference.

Dated this 4th day of September, 2019.

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
Senior United States District Judge

---

3 To the extent that some remedial work has not been completed,(**# 41-1 ¶¶ 4–5**.) , the parties should be prepared to address it at the time of the Final Pre-trial Conference.